15 F.3d 1087
 73 A.F.T.R.2d 94-1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth F. MATTFELD, aka Kenneth F. Mattfeld, Jr., Petitioner,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent.
 No. 92-70578.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided Feb. 7, 1994.
 
 Before: D.W. NELSON, REINHARDT, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taxpayer Kenneth Mattfeld ("Mattfeld") appeals the United States Tax Court's decision that he was not entitled to certain deductions on his returns for the taxable years 1986 and 1987, and that he was liable for additions to tax for substantial understatement of tax pursuant to 26 U.S.C. Sec. 6661. The Commissioner of Internal Revenue (the "Commissioner") disallowed losses Mattfeld claimed as a result of his purchase and chartering of a sailboat. We AFFIRM the decision of the tax court, as we find that the court did not clearly err by deciding that Mattfeld did not have an actual and honest profit objective with respect to the purchase of his sailboat. See 26 U.S.C. Sec. 183(c) (Supp.1993).
 
 
 3
 Our review of the tax court's decision is limited. The tax court's finding that an activity was not primarily engaged in for profit is a question of fact that must be affirmed on appeal absent clear error. Wolf v. C.I.R., 4 F.3d 709, 712 (9th Cir.1993); Bolaris v. C.I.R., 776 F.2d 1428, 1432 (9th Cir.1985).
 
 
 4
 We must uphold the tax court's finding unless we are left with the definite and firm conviction that a mistake has been committed. Under the clearly erroneous standard, if the tax court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 
 5
 Wolf, 4 F.3d at 712-13 (internal quotations omitted).
 
 
 6
 In this case, the tax court did not clearly err by finding that Mattfeld failed to prove that he had the requisite profit motive which would entitle him to deductions under Sec. 183. Id. at 713 (taxpayer has burden to prove requisite profit motive). Mattfeld had to prove that his purchase and chartering of the sailboat was engaged in for profit and that profit was the dominant or primary objective of his venture. See Polakof v. Commissioner, 820 F.2d 321, 323 n. (9th Cir.1987) (test for profit motive is the taxpayer's "basic" or "dominant" or "predominant" or "principal" or "primary" purpose). Profit in this sense means "economic profit, independent of tax savings." Wolf, 4 F.3d at 713. In addition, the objective facts receive greater weight than Mattfeld's statement of his subjective intent. 26 C.F.R. Sec. 1.183-2(a) (1993).
 
 
 7
 The tax court recognized that some facts suggest that Mattfeld did purchase and charter his sailboat for profit. Mattfeld conducted a reasonable investigation before making his purchase and had the personal expertise to engage in the chartering business. Further, he moved his boat to a different location when he was unsatisfied with the results at the Newport Sailing Club. Based on these facts, the tax court stated that "[s]o far as the record discloses, he conducted the activity in a businesslike manner and relied on advisors with expertise in the business." The fact that some evidence shows manifestations of a business does not, however, merit a reversal of the tax court's decision. See Carter v. C.I.R., 645 F.2d 784, 786-87 (9th Cir.1981) (facts showing taxpayers did not engage in yachting activities primarily for profit significantly outweighed facts indicating that taxpayers' activities had some manifestations of a business).
 
 
 8
 Other evidence strongly indicates that Mattfeld did not undertake his chartering activities for profit, except in the form of tax savings. First, Mattfeld's projections show that he did not anticipate that the sailboat's appreciation would enable him to recoup his losses and profit from chartering. Second, Mattfeld assumed an unreasonable daily charter rate in his projections; even with this unreasonable expectation of revenue from chartering, he still projected continuing losses. Third, Mattfeld argued that the tax court should disregard the substantial deduction for depreciation; however, as the court found, even eliminating the deduction, Mattfeld's projections indicate continuing losses, exclusive of tax savings with respect to unrelated income, from the chartering activities. See Antonides v. C.I.R., 893 F.2d 656, 659-60 (4th Cir.1990) (based on a cash flow analysis, "taxpayers could not have anticipated making a profit on their [yacht chartering] operations within the foreseeable future, if ever"). Finally, in his testimony, Mattfeld conceded that tax savings "facilitated the investment." Additional evidence shows that Mattfeld was anxious to purchase the sailboat in 1985, so he could benefit from the investment tax credit which would not thereafter be available.
 
 
 9
 Weighing the evidence, the tax court found that "[t]he most persuasive evidence in this case is the undisputed evidence of tax motivation, petitioner's history of losses with respect to the activity, and that the losses were actually projected rather than resulting from any unpredictable events." Although Mattfeld shows that some evidence may indicate a profit motive, he fails to prove that his primary motivation involved anything other than tax savings. The tax court properly considered the appropriate factors and weighed all the facts and circumstances to determine that profit, independent of tax savings, was not the dominant motivation behind Mattfeld's engaging in the chartering activities. See 26 C.F.R. 1.183-2(a)-(b) (1993). Because the evidence strongly supports the court's holding, the court did not commit clear error.
 
 
 10
 We note that Mattfeld has not separately challenged the Commissioner's assessment of additions to tax for substantial understatement of tax under 26 U.S.C. Sec. 6661 (repealed 1989). Because we uphold the tax court's decision that Mattfeld was not entitled to the deductions for losses in excess of the income from his chartering activity, we find that the court properly held Mattfeld responsible for the additions to tax under Sec. 6661.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3