111 F.3d 139
 79 A.F.T.R.2d 97-2168, 97-1 USTC P 50,377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lew WARDEN, et al., Petitioners/Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent/Appellee.
 No. 95-70896.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1997.
Decided April 2, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Mr. Lew Warden and Mrs. Nadja Warden ("Appellants") challenge the findings of the U.S. Tax Court. In its Memorandum Opinion of April 17, 1995, the Tax Court held that expense deductions taken by Appellants--alleged to have been incurred in relation to a yacht chartering business--were improper. See I.R.C. §§ 162; 183. The Tax Court, applying the "primary" or "dominant" purpose test, determined that the yachting activity was not engaged in with the primary purpose of making a profit. Appellants contend that the Tax Court incorrectly applied the primary purpose test in lieu of the more lenient "good faith" test. Appellants further contend that even under the primary purpose test, the Tax Court's finding was clearly erroneous. Because Ninth Circuit precedent is clear that the primary purpose test governs, and because Appellants have not shown clear error, we affirm the judgment of the Tax Court.
 
 
 4
 Decisions that are asserted to have misapplied a given "profit" rule are to be reviewed de novo. See North Ridge Country Club v. Commissioner, 877 F.2d 750, 755 (9th Cir.1989). There can be no question, however, as to whether the Tax Court applied the correct rule. Section 183 deals with attempted deductions for activities not engaged in with the proper profit motive. See I.R.C. § 183. Section 162, for its part, deals with allowable deductions as to activities that are engaged in with the proper profit motive. This section allows the deduction of ordinary and necessary expenses paid or incurred in connection with the operation of a trade or business. See I.R.C. § 162.
 
 
 5
 For an activity to generate deductions under section 162, we have clearly stated that a taxpayer must show "that the activity was entered into with the dominant hope and intent of realizing a profit." Vorsheck v. Commissioner, 933 F.2d 757, 758 (9th Cir.), cert. denied, 502 U.S. 984 (1991). We have held that "[p]rofit must be the predominant, primary or principal objective...." Wolf v. Commissioner, 4 F.3d 709, 713 (9th Cir.1993); see also Polakoff v. Commissioner, 820 F.2d 321, 323 (9th Cir.1987); Independent Elec. Supply v. Commissioner, 781 F.2d 724, 728-29 (9th Cir.1986) ("Independent Electric "); Carter v. Commissioner, 645 F.2d 784, 786 (9th Cir.1981); Hirsch v. Commissioner, 315 F.2d 731, 736 (9th Cir.1963). Though other circuits may apply a different standard, our holdings in this area are in line with those of the Supreme Court. See Commissioner v. Groetzinger, 480 U.S. 23, 25 (1987); United States v. American Bar Endowment, 477 U.S. 105, 110 n. 1 (1986).
 
 
 6
 The correct test having been applied by the Tax Court, our second duty is to evaluate its conclusion that the yachting activity did not carry with it the requisite profit motive. We have held that "[a] finding as to profit motive must be affirmed on appeal absent clear error." Wolf, 4 F.3d at 712 (citing Independent Elec., 781 F.2d at 727). We must uphold the Tax Court's finding unless we are "left with the definite and firm conviction that a mistake has been committed." Id. Further, "[i]f the [Tax Court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Service Employees Int'l Union v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.), cert. denied, 505 U.S. 1230 (1992).
 
 
 7
 The Tax Court determined that the engagement in a trade or business--though possibly a purpose--was not the primary purpose of the yachting enterprise. The Tax Court concluded its findings as to profit motive by writing:
 
 
 8
 Based on the entire record, we are not convinced that petitioners' primary objective was to make a profit. See Snyder v. United States, 674 F.2d 1359, 1362-64 (10th Cir.1982). Rather, the evidence is more consistent with the conclusion that petitioners wished to retire from the practice of law, had a desire to sail, had the financial resources to pursue that desire, and had some hope that they could combine their dream retirement with an income-producing venture.
 
 
 9
 Appellants essentially contend that the Tax Court gave certain pieces of evidence too much or too little weight.
 
 
 10
 Without offering explanation or support in the case law, Appellants first assert that several findings of fact were not supported by "substantial evidence." These six factors are: that Appellants had the financial resources to retire, that the yacht was used for alternate purposes other than chartering, that Appellants took long trips on the yacht, that mechanical failures could have been foreseen had proper research been performed, that Appellants should have prepared a written business plan, and that both Appellants loved to sail. Appellants assert that there was not "substantial" evidence to support the Tax Court's implicit findings of fact as to each of these facts. Yet employing the "clearly erroneous" standard of review, we find that as there was a basis for each of the findings--that is, each is supported by the record--we must affirm the judgment of the Tax Court.
 
 
 11
 Appellants then list several facts that they assert the Tax Court did not properly consider. This assertion is patently absurd given that a majority of the facts are specifically referenced in the Tax Court's memorandum[1] and the remainder of the facts are expressly noted in Mr. Warden's Trial Memorandum--which was admitted into evidence in lieu of direct testimony by Mr. Warden--and are nonetheless dealt with in the Tax Court judgment in some fashion.[2] Given that each fact was present in the record before the Tax Court and most were referenced explicitly in the Tax Court opinion, there is no basis for us to presume that these facts were not considered. In assessing a similarly situated taxpayer's previous challenge to a Tax Court's findings, we wrote that "[a]t best ... appellants manage only to show that their activities might have had a profit motive; they do not show that the Tax Court was clearly erroneous...." Independent Electric, 781 F.2d at 727. Furthermore, the fact that some evidence shows manifestations of a business does not merit a reversal of the Tax Court's decision. See Carter, 645 F.2d at 786-87 (facts showing taxpayers did not engage in yachting activities primarily for profit significantly outweighed facts indicating that taxpayers' activities had some manifestations of a business). Appellants bring to our attention the same facts that were before the Tax Court. Appellants have made no argument whatsoever as to why we should find that the Tax Court's decision should be overturned for clear error.
 
 
 12
 Appellants make two other brief contentions on appeal--both of which are without merit. First, Appellants argue that the Tax Court's use of the word "convince," in relation to Appellants' burden of proof, indicates that the Tax Court required a level of proof beyond a preponderance of the evidence. In its opinion the Tax Court did state that "[b]ased on the entire record, we are not convinced that petitioners' primary objective was to make a profit." Yet this statement in no way indicates a movement away from the preponderance of the evidence standard. In fact, the Tax Court implicitly referenced such a standard when it stated that Appellants carried the burden of proof, but that the evidence was "more consistent" with the profit motive just being one, and not the primary, consideration.
 
 
 13
 Second, and distinct from their argument that the Tax Court misapplied the primary purpose test, Appellants make a brief argument that the application of the Ninth Circuit rule was both inconsistent with the practice of the Tax Court and violative of their constitutional rights. Appellants argue that the Tax Court, as a court of national jurisdiction, should follow its own rules and not the rules set out by the Ninth Circuit. Appellants, however, cannot point to Ninth Circuit case law supporting this notion and otherwise provide no cases where the Tax Court has expressly rejected binding precedent of the relevant circuit in favor of the Tax Court rule. To the contrary, a brief review of recent Tax Court opinions instructs that the Tax Court regularly defers to the Ninth Circuit when the Ninth Circuit has provided a clear rule of law. See, e.g., Beaver Bolt Inc. v. Commissioner, 1997 WL 28676 (U.S.Tax Ct.); Summit Sheet Metal v. Commissioner, 2 T.C.M. (CCH) 1606 (1997).
 
 
 14
 In extending its weak argument, Appellants next contend that by following the Ninth Circuit, the Tax Court denied Appellants due process and violated the equal protection clause in that taxpayers not under the jurisdiction of the Ninth Circuit are treated more favorably. Appellants provide no support for this theory that the application of a rule by a United States Court of Appeals (as well as by the courts reviewable by that Court) can be unconstitutional where the underlying rule conflicts with a more favorable rule of another circuit. Where we follow clear Supreme Court precedent, but other circuit or trial courts do not, a constitutional violation cannot be said to have occurred with regard to the person against whom a correct rule has been applied.
 
 
 15
 For the foregoing reasons, we affirm the Tax Court's judgment finding deficiencies in Appellants' federal income taxes in the amount of $28,344 and adding an "addition to tax" under I.R.C. § 6662(b)(2) of $4,725.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Facts that Appellants suggest were not considered but do appear in the Tax Court's opinion are as follows: (i) that Appellants had attempted to acquire an interest in a recreational facility in Pleasanton, California, where they hoped to retire; (ii) that mechanical failures caused the losses related to the yacht; (iii) that Appellants engaged in some business-like activity; (iv) that Appellants prosecuted litigations against the manufacturers and sellers of the yacht; and (v) that real losses, beyond mere depreciation expenses were felt
 
 
 [2]
 Facts that the court did not specifically reference, but were either present in Mr. Warden's testimony or summarized in slightly different terms include: (i) that there was a 12-year absence between Appellants' ownership of their prior boat and their ownership of the Rocking Chair in 1986 (the opinion instead stated that Mr. Warden's previous ownership of boats began in 1947 and went on for twenty years--which certainly displays an understanding on the part of the Tax Court that no yachts were owned between 1974 and 1986); (ii) that Mr. Warden had found replacement counsel for all but two of his clients (the opinion states merely that Mr. Warden continued to operate his law firm); (iii) that the cost of additional insurance was double the cost of having only personal insurance (the opinion, however, does reference the need for additional insurance in general terms); and (iv) that Ms. Warden was deathly afraid of sailing on the ocean (this was clear in the admitted testimony of Mr. Warden, but not referenced in the opinion itself)