T.C. Memo. 1999-362


UNITED STATES TAX COURT


RAYMOND B. AND JOAN M. MARVIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13909-98.              Filed October 29, 1999.


Raymond B. Marvin, pro se.

Timothy F. Salel, for respondent.

MEMORANDUM OPINION


GOLDBERG, Special Trial Judge:  Respondent determined a deficiency in petitioners' Federal income tax in the amount of $2,765 for the taxable year 1996.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

The issues for decision are:  (1) Whether petitioners' jade activity was an activity engaged in for profit within the meaning

of section 183, and (2) if so, whether petitioners have substantiated the nature and amount of various deductions they claimed on the Schedule C attached to their 1996 Federal income tax return.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in San Diego, California, when the petition in this case was filed. References to petitioner in the singular are to petitioner Raymond B. Marvin.

During 1996, petitioner was employed as an airport shuttle driver and cashier by Laurel Travel. In 1996, petitioner received wages from Laurel Travel in the amount of $11,155.90. During 1996, petitioner Joan M. Marvin was employed by Marriott International. In 1996, petitioner Joan M. Marvin received wages from Marriott International in the amount of $17,513.49.

Petitioner became interested in jade and geology in 1972. Petitioner does not have a college degree in geology. Rather, petitioner claims to have learned about jade primarily from his stepfather.

During 1996, petitioners were also engaged in an activity named Glacial Jadeite (the jade activity). Petitioners assert that the jade activity involved consulting, researching, and developing uses for jade. Petitioners claim that jade can be

used for many purposes including computer chips, tanks, and bulletproof vests. In 1993, petitioner began teaching Indian tribes in Mexico how to identify and mine jade. Petitioners believe that jade mining can be a source of revenue for these Indian tribes. Petitioners also claim to have consulted with major computer companies, the United States Government, and high-level officials of the Governments of Brazil and China regarding the uses of jade.

Petitioner contends that he founded Glacial Jadeite as a sole proprietorship in 1991. However, we are unable to discern whether Glacial Jadeite is conducted as a sole proprietorship, a partnership, or as a joint venture. In the record, Glacial Jadeite is described as "a group of associated persons". Moreover, petitioners did not file a Schedule C with their 1993, 1994, and 1995 Federal income tax returns indicating that they operated a sole proprietorship. Petitioners have also failed to explain their financial interest in Glacial Jadeite. In fact, petitioners have failed to provide any details regarding Glacial Jadeite's ownership. Rather, petitioners contend that they were consultants to Glacial Jadeite in 1996.

Petitioners claim that Glacial Jadeite was involved in many profitable projects during 1996.[1] Petitioners have failed to

---

[1] As an example, petitioners allege that Glacial Jadeite is involved in the construction of hotels and that the first floor
(continued...)

provide reliable evidence that would support these assertions. The sole document that petitioners provided is entitled "Custodial Trust Contract". The document purports to be a contract between Glacial Jadeite and a company called Creative Technology Alliance (CTA). The contract provides that Glacial Jadeite will hold in trust for CTA $600 million worth of jade and that CTA will use the jade as collateral to acquire loans for Glacial Jadeite. Petitioners failed to provide documents that describe CTA. Moreover, petitioners have not provided any evidence that demonstrates that Glacial Jadeite possesses $600 million worth of jade or that CTA has the ability to secure financing for Glacial Jadeite. Petitioners further claim that in accordance with the contract, deposits of $25 million and $65 million were placed in an escrow account in Orlando, Florida. Petitioners failed to present documents that substantiate these alleged deposits.

Petitioners did not maintain formal accounts or books for the jade activity. Instead, petitioners contend that they used their personal checking accounts and credit cards to pay the jade activity's expenses. Petitioners also failed to provide a

[1](...continued)
of the hotels will be constructed of black jade and grouted with gold and platinum. Petitioners also allege that Glacial Jadeite is involved in the construction of a stadium that will be constructed entirely out of jade. Petitioners also claim that Bill Gates of Microsoft has offered to purchase Glacial Jadeite for $273 million.

business plan, financial projections, and financial statements for the activity.

On the Schedule C attached to their 1996 Federal income tax return, petitioners reported a net loss from Glacial Jadeite in the amount of $18,440.  On the Schedule C, petitioners reported no gross income and claimed substantial deductions for car and truck expenses and rent.  The return also reflects claimed deductions for insurance, office expenses, repairs, meals and entertainment, and miscellaneous expenses.  Included in the rent expense, petitioners claimed home office expenses in the amount of $9,600.  The home office expense consists of residential lease payments that petitioners made in 1996.  For the year 1997, petitioners reported that the jade activity had gross receipts of $50 and expenses of $18,578.85.  Petitioners claim that the jade activity had gross receipts of $250 and expenses of approximately $18,000 for the year 1998.

Respondent determined that petitioners' jade activity was not an activity engaged in for profit.  In the alternative, respondent determined that petitioners' claimed Schedule C expenses were personal expenses and not ordinary and necessary business expenses.

Section 183 provides that if an activity engaged in by an individual is not engaged in for profit, no deduction attributable to such activity shall be allowed, except as

provided in section 183(b). In the case of an activity not engaged in for profit, section 183(b)(1) allows a deduction for expenses that are otherwise deductible without regard to whether the activity is engaged in for profit. Section 183(b)(2) allows a deduction for expenses that would be deductible only if the activity were engaged in for profit, but only to the extent that the total gross income derived from the activity exceeds the deductions allowed by section 183(b)(1).

An "activity not engaged in for profit" is any activity for which deductions would not be allowed under section 162 or under paragraph (1) or (2) of section 212. See sec. 183(c). Section 162 allows a deduction for all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 212 allows a deduction for all the ordinary and necessary expenses paid or incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. The profit standards applicable to section 212 are the same as those applicable to section 162. See Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988).

For a taxpayer to deduct expenses of an activity pursuant to section 162, the taxpayer must show that he or she engaged in the activity with an actual and honest objective of making a profit. See sec. 183; Ronnen v. Commissioner, 90 T.C. 74, 91 (1988);

Fuchs v. Commissioner, 83 T.C. 79, 97-98 (1984); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. Although a reasonable expectation of profit is not required, the taxpayer's profit objective must be bona fide. See Hulter v. Commissioner, 91 T.C. 371, 393 (1988); Beck v. Commissioner, 85 T.C. 557, 569 (1985). Whether a taxpayer had an actual and honest profit objective is a question of fact to be resolved from all relevant facts and circumstances. See Carter v. Commissioner, 645 F.2d 784, 786 (9th Cir. 1981), affg. T.C. Memo. 1978-202; Hulter v. Commissioner, supra at 393; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). Greater weight is given to objective facts than to a taxpayer's statement of intent. See Beck v. Commissioner, supra at 570; Thomas v. Commissioner, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986); sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors that should be considered in determining whether an activity is engaged in with the requisite profit objective. The nine factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his or her advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation

that the assets used by the taxpayer may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved.  No single factor, nor the existence of even a majority of the factors, is controlling, but rather it is an evaluation of all the facts and circumstances in the case, taken as a whole, which is determinative.  These factors are not applicable or appropriate in every case.  See Abramson v. Commissioner, 86 T.C. 360, 371 (1986).

Based upon the above factors, we find that petitioners did not engage in the jade activity for profit.

First, petitioners did not conduct the jade activity in a businesslike manner.  Petitioners did not maintain formal accounts or books for the jade activity.  Petitioners also failed to present a business plan, financial projections, and financial statements for the jade activity.  Petitioners' failure to maintain complete and accurate records demonstrates that they failed to take the ordinary care of business people in managing and monitoring their affairs.  See Elliott v. Commissioner, 90 T.C. 960, 971-972 (1988), affd. without published opinion 899 F.2d 18 (9th Cir. 1990).

Petitioners received income from sources other than the jade activity in 1996. In 1996, petitioner was employed by Laurel Travel, and petitioner Joan M. Marvin was employed by Marriott International. From these employments in 1996, petitioners received wage income in the amount of $28,669.39.

For the years 1996 through 1998, petitioners' jade activity consistently generated minimal income and large deductions. On the Schedule C attached to their 1996 Federal income tax return, petitioners reported no income and claimed deductions in the amount of $18,440. For the year 1997, petitioners reported $50 of gross receipts and $18,528.85 of deductions. For the year 1998, petitioners claim that Glacial Jadeite had gross receipts of $250 and expenses in the approximate amount of $18,000. Moreover, petitioners' claims that Glacial Jadeite is involved in profitable projects is unavailing. Petitioners have failed to provide reliable documents that substantiate their assertions and we refuse to rely upon petitioner's self-serving testimony. See Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Furthermore, petitioners have also failed to explain how and to what extent they would financially benefit from these supposed projects.

Lastly, petitioners received personal pleasure from the jade activity. Petitioner's activities provided a source of recreation that satisfied petitioner's personal interest in jade.

Petitioners' search for jade also allowed petitioners to take field trips to the beaches of Southern California and the deserts of New Mexico.  Moreover, petitioners won several ribbons for their jade exhibits at gem and mineral exhibitions.  We find that petitioner's own testimony reveals petitioners' true purpose for engaging in the jade activity.  During the trial, petitioner described members of gem and mineral societies as "a collection of good-hearted people with a hobby vested interest".  Petitioner further described the jade activity as an "anti-job" that is exciting, fun, and relaxing.

For the foregoing reasons, we find that petitioners did not engage in the jade activity for profit.  Accordingly, we hold that petitioners are not entitled to the Schedule C deductions they claimed on their 1996 Federal income tax return.

Based upon our holding, we need not and do not decide whether petitioners have substantiated the nature and amount of the claimed expenses.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.