**Diana T. VORSHECK; John P. Vorsheck, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent–Appellee.**

No. 90–70266.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 1991.*

Decided May 16, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Diana Vorsheck and John P. Vorsheck, pro se.

Shirley D. Peterson, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before BROWNING, GOODWIN and POOLE, Circuit Judges.

PER CURIAM:

Diana Todaro Vorsheck and John P. Vorsheck appeal pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of a tax deficiency of $10,910 for the 1982 tax year. The tax court upheld the Commissioner's disallowance of a deduction for losses incurred through their investment in Western Reserve Oil & Gas Co., Ltd. ("WROG"), a limited partnership, because WROG did not have a profit motive. In addition, the tax court upheld the 10% penalty for substantial understatement of income tax pursuant to 26 U.S.C. § 6661. The Vorshecks contend that they invested in WROG with an intent to make a profit, and that they should not be liable for the penalty under section 6661 because they acted reasonably in their investment. We have jurisdiction pursuant to 26 U.S.C. § 7482, and affirm in part, reverse in part.

■ The tax court's rulings of law are reviewable de novo. *Vukasovich, Inc. v. Commissioner*, 790 F.2d 1409, 1413 (9th Cir.1986). The issue of whether the Vorshecks invested in WROG with the requisite profit motive is a finding of fact reviewable for clear error. *Baxter v. Commissioner*, 816 F.2d 493, 495–96 (9th Cir. 1987).

I

Deficiency Determination

■ Section 162 of the Internal Revenue Code ("Code"), 26 U.S.C. § 162, allows deductions for all ordinary and necessary ex-penses paid or incurred in carrying on any trade or business. Section 167 of the Code allows a depreciation deduction for property used in trade or business. 26 U.S.C. § 167. Before a deduction is allowed under these sections, "it must be shown that the activity was entered into with the dominant hope and intent of realizing a profit." *Brannen v. Commissioner*, 722 F.2d 695, 704 (9th Cir.1984). The petitioner has the burden of showing she entered into the transaction with a profit motive. *Baxter*, 816 F.2d at 495. When the profit motive of a limited partnership is at issue, the tax court makes its determination of profit at the partnership level. *Polakof v. Commissioner*, 820 F.2d 321, 323 (9th Cir.1987).

■ In *Ferrell v. Commissioner*, 90 T.C. 1154 (1988), the tax court found that WROG did not have a profit motive, did not engage in a trade or business, and was carried on to enrich its organizers and offer investors a tax shelter. *Id.* at 1198–99. The law in the Ninth Circuit is well settled that profit motive is determined at the partnership level. *See Polakof*, 820 F.2d at 323. Although the Vorshecks may have invested in WROG with the intent of realizing a profit, they are bound by the motive of the partnership, as determined in *Ferrell*. Thus, the tax court correctly decided that the Vorshecks failed to distinguish their case from *Ferrell*. Accordingly, we affirm the tax court's decision upholding the Commissioner's determination of a $10,910 deficiency in the Vorshecks's taxes for the 1982 tax year.

II

Section 6661 Penalty

■ The Vorshecks argue that even if they are liable for the deficiency, they acted reasonably and in good faith and therefore should not be liable for a penalty under 26 U.S.C. § 6661.[1] Section 6661 provides that if there is a substantial understatement of income taxes, a penalty of 10 percent of the amount of the understate-

---

1. The tax court found that because the Vorshecks were not negligent, they were not liable for penalties or additions to tax under section 6653 or section 6659.

ment shall be added to the tax. 26 U.S.C. § 6661(a). An understatement is substantial if it exceeds $5,000 or 10 percent of the income tax for the taxable year. 26 U.S.C. § 6661(b)(1)(A). Section 6661(c) provides that the Secretary may waive the penalty "on a showing by the taxpayer that there was reasonable cause for the understatement ... and that the taxpayer acted in good faith."

According to the Treasury Regulations promulgated under this statute:

> Reliance on an information return or on the advice of a professional (such as an appraiser, an attorney, or an accountant) would not necessarily constitute a showing of reasonable cause and good faith.... Reliance on an information return, professional advice, or other facts, however, would constitute a showing of reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith.

Treas. Reg. § 1.6661–6(b). Thus, if it was reasonable for the taxpayer to rely upon the advice of an accountant under the circumstances, and the taxpayer did so in good faith, then the Commissioner may waive the penalty. *See also Heasley v. Commissioner,* 902 F.2d 380, 383 (5th Cir. 1990) (couple with no advanced business experience or sophisticated business knowledge who invested in tax shelter on the advice of their financial advisor were not liable for penalty under section 6661 because, "[g]iven [their] inexperience and limited knowledge about investing, and their level of education, their misunderstanding is reasonable" and the penalty should be waived).

Here, the tax court found that, although the fact that WROG was a tax shelter would have been apparent to an "experienced businessman," the Vorshecks were not sophisticated business persons.[2] "[T]hey relied upon the advice of their

trusted tax adviser who assured them that they would obtain certain deductions."

On the basis of its evaluation of the motives and experience of the Vorshecks, the tax court denied the penalties under sections 6653 and 6659. The tax court, however, found that the Vorshecks were liable for the penalty under section 6661. We do not agree. If the Vorshecks were acting as "an ordinary prudent person in the circumstances," then their reliance upon the investment advice of their accountant was "reasonable" and "in good faith under all the circumstances." *See* Treas.Reg. § 1–6661.6(b); *Heasley,* 902 F.2d at 385. Thus, the Vorshecks meet the standard for waiver of the penalty under section 6661. Accordingly, we reverse the tax court's decision upholding the Commissioner's assessment of a 10% penalty under section 6661.

AFFIRMED IN PART, REVERSED IN PART.

---

**2.** The tax court found:

> Petitioners in this case did not have that kind of business experience. They knew nothing about the tax laws. They relied upon their advisor. They knew nothing about the cir-

cumstances in which they would be expected to obtain special advice. In my judgment, they acted as an ordinary prudent person in the circumstances.