945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard HITTLEMAN, Linda Hittleman, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 90-70582.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard and Linda Hittleman appeal the tax court's determination of income tax deficiencies, additions to tax, and penalties for tax years 1979 through 1982. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the tax court's factual findings for clear error and its legal conclusions de novo. Collins v. Commissioner, 857 F.2d 1383, 1385 (9th Cir.1988). We affirm.
 
 
 3
 Richard Hittleman is a practitioner of Yoga, and is recognized as a guru, or spiritual leader. Hittleman is also the author of several books on Yoga. In 1977, the Hittlemans formed the Yoga Universal Church ("YUC"), which was affiliated with the Universal Life Church in Modesto, California.[1] The Hittlemans opened and maintained bank and brokerage accounts in the name of YUC and had sole signature authority over these accounts. Richard Hittleman transferred the copyrights to five of his books to YUC and deposited royalty checks into YUC accounts. Proceeds from Yoga Workshops also were deposited into YUC accounts. Hittleman also traded gold and silver coins in the name of YUC. The Hittlemans' personal expenses were paid out of YUC accounts.
 
 
 4
 The Hittlemans filed petitions for redetermination of deficiencies in taxes for years 1979 through 1982. The tax court rejected the Hittlemans' contention that the assessment was barred by the statute of limitations. The tax court found that the money in the YUC accounts was taxable to the Hittlemans and, accordingly, upheld the deficiencies in taxes against the Hittlemans.[2] The tax court denied the commissioner's request for additions based on fraud under 26 U.S.C. § 6653(b), finding that the commissioner had failed to prove fraud. The tax court assessed additions to tax for negligence under 26 U.S.C. §§ 6653(a)(1) & (2), for substantial understatement under 26 U.S.C. § 6661, and additional interest for tax motivated transactions under 26 U.S.C. § 6621(c). The tax court found the Hittlemans liable for self-employment tax under 26 U.S.C. § 1401. The tax court denied the commissioner's request for damages under 26 U.S.C. § 6673 for filing a frivolous petition.
 
 
 5
 If an assignor retains power and control over property or the right to receive income, the assignor may be taxed as the recipient of the income for tax purposes. Commissioner v. Sunnen, 333 U.S. 591, 604 (1948). Control and benefit, rather than "refinements of title," are determinative of tax liability. Id. at 605 (quoting Corliss v. Bowers, 281 U.S. 376, 378 (1930)). We look to the enjoyment of the actual benefit to determine liability for income tax. Id.
 
 
 6
 Here, the Hittlemans retained power and control over the YUC accounts as signatories. Further, they used proceeds from the YUC accounts to pay their personal expenses. Thus, the tax court correctly found that because the Hittlemans enjoyed the benefit of the money in the YUC accounts, it was taxable to them. See id. at 604-05.
 
 
 7
 The Hittlemans argue that the deficiencies are incorrect because the tax court should have recognized YUC as a legitimate church and should have recognized the transfer of copyrights to YUC. The Hittlemans, however, failed to establish that YUC was a separate entity or that they were acting in a fiduciary capacity in exerting control over its finances. Despite the transfer of the copyrights to YUC, the Hittlemans continued to control and enjoy the royalty income. See Miedaner v. Commissioner, 81 T.C. 272 (1983) (author was liable for tax on royalty income despite transfer of book copyright and royalties to church because author had created church, operated church, and paid living expenses out of church). Thus, the Hittlemans were properly taxed on the royalty income. See Corliss v. Bowers, 281 U.S. at 378.
 
 
 8
 The Hittlemans contend that their personal expenses constituted a parsonage allowance under 26 U.S.C. § 107. Section 107 provides that, in the case of a minister, gross income does not include (1) the rental value of a home furnished to him as part of his compensation, or (2) a rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home. Id. This court has rejected as unreasonable excessive parsonage allowances, particularly if the clergy have control of the church's financial affairs. See Church by Mail, Inc. v. Commissioner, 765 F.2d 1387, 1392 (9th Cir.1985). Here, the Hittlemans, who controlled YUC's financial affairs, used the income from YUC to pay numerous and various personal expenses beyond a reasonable rental expense. Thus, the Hittlemans' argument regarding parsonage allowance lacks merit. See id.
 
 
 9
 The tax court correctly concluded that the assessment of deficiencies was not time barred because the six-year statute of limitations applied. Section 6501(e)(1)(A) provides a six-year limitations period "if a taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return." 26 U.S.C. § 6501(e)(1)(A). Here, the Hittlemans omitted from gross income amounts that were clearly in excess of 25 percent of their gross income for each year. On appeal, the Hittlemans do not dispute this, but argue that the deficiencies are incorrect and, therefore, section 6501(e)(1)(A) is inapplicable. Because we uphold the tax court's determination of deficiencies, we also conclude that the tax court applied the correct statute of limitations.
 
 
 10
 The tax court also correctly assessed additions for negligence pursuant to 26 U.S.C. § 6653. The Hittlemans had no reasonable basis for believing that the income transferred to YUC was not taxable because they retained control over and benefitted from that income. See Collins, 857 F.2d at 1386; Hanson v. Commissioner, 696 F.2d 1232, 1234 (9th Cir.1983) (a reasonable person would not rely on a flagrant tax avoidance scheme).
 
 
 11
 Under section 6661, where there is an understatement of 10 percent of the required tax or more, a penalty equal to 25 percent of the underpayment attributable to the understatement shall be imposed. 26 U.S.C. 6661. Here, the Hittlemans understated their tax by more than 10 percent for tax years 1979 through 1982. They have not shown that they had substantial authority for their position or that there was reasonable cause for the understatement. See Norgaard v. Commissioner, 939 F.2d 874, 880 (9th Cir.1991); Vorsheck v. Commissioner, 933 F.2d 757, 759 (9th Cir.1991). Thus, the tax court correctly assessed a penalty for substantial understatement pursuant to 26 U.S.C. § 6661.[3]
 
 
 12
 The Hittlemans contend that the tax court was biased against their counsel. The Hittlemans base this argument on the tax court's statement that counsel "was heavily involved in promoting and defending [Universal Life Church's] questionable activities." The tax court, however, concluded that counsel's previous involvement with Universal Life Church negated any finding of fraud on the part of the Hittlemans. The tax court's comment does not reflect pervasive bias or prejudice warranting reversal. See Noli v. Commissioner, 860 F.2d 1521, 1527-28 (9th Cir.1988).
 
 
 13
 Finally, the Hittlemans contend that the tax court discriminated against the Yoga religion in comparison with religions in the Judeo-Christian tradition. This contention is meritless. The tax court did not tax the income of YUC because it was founded on principles of Yoga as opposed to Judeo-Christian principles. Rather, the tax court's analysis turned on issues of control and benefit which are fundamental to income tax law and equally applicable to all individuals and entities. See Sunnen, 333 F.2d at 604.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4. Accordingly, we reject the Hittlemans' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Universal Life Church's tax-exempt status was retroactively revoked in 1984
 
 
 [2]
 The tax court found the commissioner failed to prove that one coin transaction was made by or for the Hittlemans and disallowed the deficiency with respect to that transaction
 
 
 [3]
 On appeal, the Hittlemans do not dispute the tax court's imposition of the self employment tax or additions to tax for tax motivated transaction pursuant to section 6621(c). Thus, these issues are deemed abandoned. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)