990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patricia J. MCCONNELL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70638.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patricia J. McConnell appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of income tax deficiencies for the tax years 1986 and 1987. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review the tax court's conclusions of law de novo and findings of fact for clear error. Collins v. Commissioner, 857 F.2d 1383, 1385 (9th Cir.1988). We affirm.
 
 
 3
 In connection with her income tax returns for the tax years in question, McConnell filed Schedule C's showing expenses of $14,047 for 1986 and $5,716 for 1987. McConnell claimed these amounts as business-loss deductions for those years.
 
 
 4
 On March 1, 1990, the Commissioner sent McConnell a notice of deficiency asserting income tax deficiencies of $3,154 for 1986 and $953 for 1987. The asserted deficiencies stemmed in part from the Commissioner's disallowance of deductions for certain expenses McConnell had claimed in connection with her purported horse breeding business.[1] For 1986, the Commissioner could verify only $2,009 of McConnell's claimed expenses and thus disallowed $12,038 in deductions. For 1987, the Commissioner could verify only $3,441 and disallowed $2,274 in deductions.
 
 
 5
 McConnell timely petitioned the tax court for a redetermination of the deficiencies. The tax court held a trial on July 11, 1991 and upheld the Commissioner's determinations. The tax court found that McConnell failed to prove that she engaged in horse breeding with the objective of realizing a profit and, therefore, was not entitled to the claimed deductions. McConnell timely appeals.
 
 
 6
 A taxpayer may deduct "all ordinary and necessary expenses paid or incurred in carrying on any trade or business." 26 U.S.C. § 162; Vorsheck v. Commissioner, 933 F.2d 757, 758 (9th Cir.), cert. denied, 112 S.Ct. 591 (1991). Before such a deduction is allowed, the taxpayer must show that he or she engaged in the activity "in good faith, with the dominant hope and intent of realizing a profit." Independent Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 726 (9th Cir.1986) (quotations omitted). This court has held that the focus of the test is the taxpayer's subjective intent but that "objective indicia may be cited to establish the taxpayer's true intent." Independent Elec. Supply, Inc., 781 F.2d at 726. Of particular relevance are the factors listed in the Treasury Regulations, 26 C.F.R. § 1.183-2(b).[2] See Independent Elec. Supply, Inc., 781 F.2d at 726-27 (26 U.S.C. § 183 generally not applicable until it is determined activity at issue is not engaged in for profit, but factors nonetheless relevant in conducting profit-motive analysis under 26 U.S.C. § 162).
 
 
 7
 The taxpayer bears the burden of proving the Commissioner's deficiency determination incorrect. Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). The tax court's finding regarding intent is one of fact and cannot be reversed unless clearly erroneous. Id. at 496.
 
 
 8
 Here, the tax court found that McConnell failed to present sufficient evidence demonstrating that she engaged in horse breeding with the objective of realizing a profit. The tax court specifically noted that McConnell (1) did not keep adequate account books and records for the tax years in question; (2) was unable to substantiate a major portion of the expenses she claimed; (3) failed to show sufficient evidence of her particular expertise in raising horses; (4) failed to show that she engaged in horse breeding in a business-like manner; (5) failed to explain what actions she took to make the activity profitable after losing money from 1985 through 1988; and (6) failed to explain how she finally earned profits in 1989 and 1990. The tax court found that McConnell's testimony was not credible and that she raised vague, evasive, and irrelevant issues at trial.
 
 
 9
 On appeal, McConnell disputes many of the tax court's findings. As at trial, however, she fails to show specific evidence to substantiate her claims of error. For instance, McConnell disputes the tax court's finding that she failed to consult with experts before beginning to breed horses. The trial transcript shows, however, that the tax court's finding is accurate. Moreover, McConnell failed to introduce documentation of her alleged consultations into evidence.
 
 
 10
 McConnell contends that because of the time and expense involved in raising and breeding horses and because of her financial situation, it is unlikely that she would have entered the horse-breeding business without a profit motive. She notes that she herself performed tasks such as cleaning the stalls and feeding the horses to keep expenses down and that these tasks cannot be called "recreational."
 
 
 11
 While the record is not entirely devoid of evidence tending to support McConnell's position, it is her burden to demonstrate that she began breeding horses with the objective of realizing a profit. See Baxter, 816 F.2d at 495. On the record before us, we cannot say the tax court clearly erred by finding that McConnell lacked a profit motive.[3]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For 1986, the Commissioner also disallowed deductions for certain medical and dental expenses. For 1987, the Commissioner also disallowed deductions for certain charitable contributions and miscellaneous expenses. On appeal, McConnell does not challenge the tax court's decision upholding these determinations
 
 
 [2]
 The factors are: (1) the taxpayer's manner in carrying on the activity; (2) the expertise of the taxpayer or the taxpayer's advisors; (3) the time and effort expended by the taxpayer; (4) the taxpayer's expectation that business assets will appreciate in value; (5) the taxpayer's success in similar or dissimilar activities; (6) the taxpayer's history of income and losses generated by the activity; (7) the amount of any profits earned; (8) the taxpayer's financial status; and (9) elements of personal pleasure or recreation. See 26 C.F.R. § 1.183-2(b)
 
 
 [3]
 McConnell also contends that the tax court judge conducted the trial in a hurried manner and that he was inattentive at trial. The record shows the judge was on a tight schedule but contains no evidence of improper behavior on his part and reflects that he thoroughly considered her claims