SOLOMON L. AND LILA J. RILEY, JR. Petitionerss v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Riley v. Commissioner
Docket No. 9677-89
United States Tax Court
T.C. Memo 1994-254; 1994 Tax Ct. Memo LEXIS 255; 67 T.C.M. (CCH) 3052; June 6, 1994, Filed *255 Solomon L. and Lila J. Riley, Jr., pro se. For respondent: Jeffrey D. Davine. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes for taxable years 1981 and 1982, together with additions to tax, in the following amounts: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661(a) 6621(c) 1981
$ 15,402
$ 770
[1]
--
[2]
1982
18,094
905
[1]
$ 4,524
[2]
*256 Respondent moved at the commencement of the trial to dismiss this matter on the ground that there were no triable issues remaining, petitioners having failed to respond to respondent's request for admissions. We agree. Respondent's motion was taken under advisement. It has been treated as a motion for summary judgment and will be granted. See Marshall v. Commissioner, 85 T.C. 267 (1985). Petitioners concede that they are not entitled to any deductions or credits for their distributive share of the deductions, losses, or credits of Far West Drilling Associates (FWDA) partnership for taxable years 1981 and 1982. They further concede that FWDA's activities were tax-motivated transactions as defined in section 6621(c), and that they are liable for increased interest with respect to the resulting deficiency pursuant to section 6621(c). The issues remaining for decision are: (1) Whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2), and (2) whether petitioners are liable for the addition to tax for a substantial understatement for 1982 pursuant to section 6661. FINDINGS OF FACT Some of the facts have *257 been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. We also incorporate by reference respondent's request for admissions. At the time the petition herein was filed, petitioners resided in Los Angeles, California. Petitioner Solomon L. Riley (hereafter petitioner) is a physician who worked as a pathologist in the Kaiser Foundation Hospital in West Los Angeles during taxable years 1981 and 1982. At some point in 1981, petitioner received by interoffice mail copies of an offering memorandum and other promotional material concerning Far West Drilling Associates. The material was sent to petitioner by the medical group's business manager, who also sent the same material to other physicians on the hospital staff, with a note stating that he had reviewed the FWDA program and found it to be a good investment with good prospects of appreciation and little risk. Soon after receiving the memorandum from the business manager, petitioner was contacted by an FWDA representative, Steven Kriegsman. Petitioner, after several discussions concerning the potential for profitability of the investment with Kriegsman, the business *258 manager, and several other doctors, became intrigued with FWDA as a suitable investment for achieving his objective of deriving substantial supplemental income in later years. Petitioner had no specialized knowledge, degrees, or certificates in the oil and gas industry and was inexperienced in business, investment, and financial matters generally. FWDA is a limited partnership formed in Utah on December 4, 1980. According to its May 11, 1981, offering memorandum, FWDA was to engage in (1) a developmental drilling program, (2) an exploratory drilling program, and (3) the acquisition of a license to use, sell, or lease a new drilling product currently being developed, the Terra-Drill. The partnership planned to offer 220 units at $ 157,500 per unit, with each investor obligated to pay $ 15,000 on each subscription, with the balance evidenced by three eight percent promissory notes, one in the amount of $ 15,000 payable on March 1, 1982, and the second in the amount of $ 15,000 payable on March 1, 1983, and the third payable on January 15, 1994, with a balloon payment of $ 112,500. The offering memorandum set forth the anticipated tax losses to be incurred by each investing partner *259 during the first 3 years as follows: Cash
Estimated Loss as a percent Year
investment
tax loss
of cash invested
1981
$ 15,000
($ 52,500)
350%
1982
15,000
(52,500)
350%
1983
15,000
(52,500)
350%
Total
$ 45,000
($ 157,500)
Petitioners purchased a one-unit limited partnership interest in FWDA. FWDA is one of several limited partnerships which comprise the Petro-Tech National Litigating Project. This Court has already found that FWDA was a tax shelter organized to avoid Federal income tax. Webb v. Commissioner, T.C. Memo. 1990-556, remanded on another issue (9th Cir., Mar. 13, 1994). In Webb, we concluded that each partnership involved in the case was not engaged in an activity with an honest objective of making a profit within the meaning of section 183, and that the transactions lacked economic substance. Respondent, in her request for admissions filed March 12, 1993, to which petitioners failed to respond, included, among others, the following admissions requested: 15. The discussion of the anticipated tax benefits contained in the Offering Document, prospectus, or other promotional literature received by petitioner *260 influenced the decision of petitioner to invest in the Partnership. * * * 34. Petitioner did not seek outside tax advice from any attorney, accountant, tax practitioner or other expert source, including tax research services, as to the deductibility of these losses arising from the Partnership. * * * 38. In view of those facts stated in paragraphs 8 through 37, above, petitioner was negligent within the meaning of the Internal Revenue Code, and is therefore liable for the additions to tax under I.R.C. §§ 6653(a)(1) and 6653(a)(2). 39. In view of those facts stated in paragraphs 8 through 37, above, petitioner did not reasonably believe that the tax treatment of petitioner's distributive share of the Partnership's losses, deductions, and credits on petitioner's income tax return for the years in issue in the instant case was more likely than not the proper treatment.
After respondent audited FWDA and the case went to trial, petitioners entered into a class action suit against the principals of the venture, as well as Laventhal & Horwath, accountants for the promoters, claiming that the defendants had lured investors into the project through materially false and misleading *261 representations. Judgment was entered in favor of the plaintiff class. The limited partners were released from their obligations to make the balloon payments, and Laventhal & Horwath had to pay substantial damages. OPINION Respondent determined that petitioners were liable for the additions to tax for negligence and for a substantial understatement. Petitioners argue that neither the negligence nor substantial understatement additions should apply, because they were unsophisticated taxpayers who reasonably relied on the representations of advisers. Petitioners bear the burden of proving that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). I. Negligence
Section 6653(a)(1) imposes an addition to tax if any portion of the underpayment is due to negligence or intentional disregard of the rules or regulations. Section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment due to negligence. Negligence under section 6653(a) is the lack of due care or failure to do what a reasonable and ordinarily prudent person would *262 do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners maintain that they exercised reasonable care in making their FWDA investment and claiming FWDA losses on their 1981 and 1982 tax returns. Under the facts and circumstances of this case, we cannot agree with petitioners. Under our Rule 90(c), requests for admissions are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request or within such shorter or longer time as the Court may allow". If the time to file responses to the requests for admissions is not extended and no answers or objections to the requests for admission are filed within the 30-day period, each request is automatically deemed admitted without the entry of an order by the Court. Marshall v. Commissioner, 85 T.C. at 271-272; Morrison v. Commissioner, 81 T.C. 644, 647 (1983); Freedson v. Commissioner, 65 T.C. 333, 334-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Because petitioners herein have taken no affirmative *263 action in response to respondent's request for admissions, the statements set forth in the request are therefore deemed admitted. See Probst v. Commissioner, T.C. Memo. 1993-640. We considered an almost identical case in Probst v. Commissioner, supra, where taxpayers who had also invested in a Far West Drilling partnership also chose not to respond to respondent's request for admissions. We held in Probst that matters deemed admitted under Rule 90(c) are conclusively established. Here, as in Probst, the deemed admissions establish that petitioners acted neither reasonably nor prudently in claiming the disallowed losses. Petitioner relied upon the promotional material and an unnamed business manager in making his investment; neither petitioner nor the business manager possessed either the knowledge or expertise to evaluate the information contained in the promotional material. We hold that petitioners are liable for the additions to tax pursuant to sections 6653(a)(1) and (a)(2), and that the full amount of the deficiency in each year was due to negligence. II. Substantial Understatement
Respondent *264 determined that petitioners are liable for a substantial understatement addition to tax for taxable year 1982. Section 6661(a) provides for an addition to tax if any part of an underpayment is attributable to a substantial understatement of income tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1)(A). Reliance upon professional advice or other facts constitutes a showing of reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. Sec. 1.6661-6(b), Income Tax Regs. Where it was reasonable for the taxpayer to rely upon professional advice, and the taxpayer did so in good faith, then the addition to tax may be waived. Vorsheck v. Commissioner, 933 F.2d 757 (9th Cir. 1991), affg. and revg. an unreported opinion of this Court. Here petitioners' reliance was not reasonable. We hold that petitioners are liable for the section 6661(a) addition to tax for a substantial understatement. The deemed admissions make *265 it apparent that petitioner did not have reasonable cause to rely upon the advice of the hospital business manager. He also did not have good cause to rely upon representatives of the promoters of Far West Drilling Associates. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiency.↩
2. The annual rate of interest under sec. 6621(c) is 120 percent of the interest payable under sec. 6601 with respect to any substantial underpayment attributable to a tax-motivated transaction.↩