**V–1 OIL COMPANY, an Idaho Corporation, Sam H. Bennion and Adriana J. Bennion, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 93–0236–E–EJL.**

United States District Court,
D. of Idaho.

June 13, 1995.

Peter Stirba, Stirba & Hathaway, Salt Lake City, Utah, for Plaintiffs.

Betty H. Richardson, United States Attorney, Boise, Idaho, Richard R. Ward, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM DECISION AND ORDER AND ORDER OF REASSIGNMENT

LODGE, Chief Judge.

The plaintiffs have moved for partial summary judgment (Dkt. No. 12) on the issues of the defendant's assessment of penalties under 26 U.S.C. §§ 6653(a) and 6661. The plaintiffs assert that the penalty issues can be decided separately from the questions concerning the propriety of the deductions and request that the court rule as a matter of law that it is not liable for any penalty amounts. For the reasons explained below, the motion is granted to the extent such relief is consistent with the parties' stipulation, filed June 7, 1995, and denied with respect to the balance of the plaintiffs' request.

### Summary Judgment Standard.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying the above standard, the court must view all of the evidence in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir.1992).

Pursuant to Rule 56(d), a court grant a partial summary judgment "specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy...." Fed.R.Civ.P. 56(d).

### Issues.

In ruling upon the plaintiffs' motion, the court is asked to determine whether, as a matter of law, the plaintiffs are not liable for the "negligence" penalties assessed under 26 U.S.C. § 6653(a)(1) and (2), or the "substantial underpayment" penalty assessed under 26 U.S.C. § 6661. In defense to both penalties, the plaintiffs claim that they reasonably relied upon the advice of their accountant.

### *The Negligence Penalty.*

Preliminarily, the court notes that on June 7, 1995, the parties filed a stipulation agreeing that the plaintiffs were entitled to deduct the interest expenses they did, with one of the items comprising the disputed underpayment in this case. Because the parties now agree that there is no underpayment with respect to this item, the plaintiffs cannot be liable for any penalty amount attributable to that deduction. Therefore, the court concludes as a matter of law, that the plaintiffs are not liable for the "50 percent of the interest" assessed on *that* item, under 26 U.S.C. § 6653(a)(2).

With respect to the penalty amounts attributable to the remaining items in dispute, the court turns to the plaintiffs' asserted defense of reasonable reliance on the advice of their accountant in taking such deductions.

A taxpayer's reasonable and good-faith reliance on a tax professional for substantive tax advice is a defense to the imposition of the negligence penalty. *Allen v. Commissioner*, 925 F.2d 348, 353 (9th Cir. 1991); *Skeen v. Commissioner*, 864 F.2d 93, 96 (9th Cir.1989). A taxpayer seeking to avoid a negligence penalty on the ground that it relied on its accountant must show that the accountant reached his or her decision independently, after being fully advised of the facts by the taxpayer. *See Leonhart v. Commissioner of Internal Revenue*, 414 F.2d 749, 750 (4th Cir.1969). The taxpayer must show that it disclosed to its accountant all facts necessary to determine the tax con-

sequences of the transaction. *Johnson v. Commissioner*, 74 T.C. 89, 1980 WL 4538, *aff'd*, 673 F.2d 262 (9th Cir.1982).

The court has reviewed the plaintiffs' motion, the parties' respective memoranda submitted in support of and in opposition to such motion, the affidavits of counsel, and all of the records and files herein. Based upon that review, the court finds that there exists a genuine dispute with respect to whether the plaintiffs reasonably relied upon the advice of their accountant in claiming 1) certain disputed expenses as operating expenses, 2) certain disputed expenses as repair expenses, 3) the disputed depreciation deduction for a leasehold improvement, 4) the deduction for dividends received, and 5) a refund for accumulated earnings.

Because there exists a genuine issue fact with respect to the plaintiffs' reasonable reliance defense, the court concludes that, except as previously noted, the plaintiffs are not entitled to judgment on the issue of liability for the negligence penalty assessed pursuant to 26 U.S.C. § 6653(a).

### *The Substantial Understatement Penalty*

As noted by the defendant, the IRS's determination whether to waive a penalty for substantial underpayment will not be disturbed absent a showing of abuse of discretion. *See Mailman v. Commissioner*, 91 T.C. 1079, 1083–84, 1988 WL 133255 (1988). A factor in considering whether such discretion has been abused is whether the taxpayer reasonably and in good faith relied upon the advice of a tax professional in taking a position on its return. *See* Treas. Reg. § 1.6661–6; *Vorsheck v. Commissioner*, 933 F.2d 757, 759 (9th Cir.1991).

As noted in the preceding section, there exist material issues of fact as to whether the plaintiffs reasonably and in good faith relied upon the advice of their accountant; such factual disputes prevent the court from granting plaintiffs' request for partial summary judgment.

For the reasons explained above, the plaintiffs' motion for summary judgment should be, and is hereby, denied.

### Defendant's Motion to Vacate (Dkt. No. 23).

On May 24, 1995, the defendant filed a motion to vacate the July 10 trial date, citing the unavailability of its main fact and expert witness, Ms. Mosby. Since that time, however, the defendant orally advised the court that Ms. Mosby has made arrangements to accommodate the trial date, and the defendant **orally withdrew its motion to vacate.** Counsel for the defendant also advised the court that it would immediately inform the plaintiff of its withdrawal of the motion.

### *ORDER*

Based upon the foregoing,

**IT IS HEREBY ORDERED** that the plaintiffs' motion for partial summary judgment (Dkt. No. 12) is **GRANTED, IN PART,** and **DENIED, IN PART.**

**IT IS FURTHER ORDERED** that this matter is **REASSIGNED** to the Honorable Edward Rafeedie, and shall hereinafter bear the caption Case No. CV 93–0236–E–ER. The trial date remains set for July 10, 1995, at 9:30 a.m., in Pocatello, Idaho. All original pleadings, motions or other documents hereinafter filed in this case shall be filed with the United States Court for the District of Idaho. However, the parties are directed to *mail judge's copies* of all such pleadings, motions and documents to:

The Honorable Edward Rafeedie

United States District Judge

Central District of California

U.S. Courthouse

312 North Spring Street

Los Angeles, CA 90012

(213) 894–3453

A certificate of mailing should accompany all pleadings and should indicate a copy was provided to the presiding judge.