T.C. Memo. 1999-350

UNITED STATES TAX COURT

GILBERT J. AREVALO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13815-98.                    Filed October 21, 1999.

Gilbert J. Arevalo, pro se.

<u>Andrew Moore</u>, for respondent.

MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax in the amount of
$7,428 for the taxable year 1996.  Unless otherwise indicated,
section references are to the Internal Revenue Code in effect for
the year in issue, and Rule references are to the Tax Court Rules
of Practice and Procedure.

After concessions made by respondent, the remaining issues for decision are: (1) Whether petitioner's consulting activity was an activity engaged in for profit within the meaning of section 183, and (2) whether petitioner has substantiated the nature and amount of various deductions he claimed on the Schedules C attached to his 1996 Federal income tax return.[1]

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in San Jose, California, when the petition in this case was filed.

During 1996, petitioner was employed full time as an engineer for Ultratech Stepper, Inc. (Ultratech). In 1996, petitioner received wages from his employment with Ultratech in the amount of $41,537. Petitioner contends that he worked for Ultratech, 40 hours per week and that he spent all of his spare time conducting a consulting business. Petitioner asserts that his consulting activity involved instructing clients in personal investment strategies, including a covered option trading technique. Petitioner contends that he spent 30 to 40 hours each week engaged in the consulting activity.

---

[1] In his trial memorandum, respondent concedes that petitioner is liable for self-employment tax only in the amount of $221 and that petitioner is entitled to a self-employment tax deduction in the amount of $110. Petitioner's liability for self-employment tax and an adjustment to his corresponding deduction are computational adjustments that depend on the resolution of the issues in dispute in this case.

Petitioner did not have a separate office to conduct his consulting activity. Rather, petitioner asserts that he met clients at restaurants and that he used space in his home to prepare client presentations and to perform administrative tasks. Petitioner further contends that he rented space to store the activity's records. Petitioner failed to present the records at trial. Instead, petitioner testified that he has discarded the activity's records. Petitioner did not maintain a separate business telephone line or a separate business bank account.

On the Schedule C attached to his 1996 Federal income tax return, petitioner listed his business activity as "Instructor". For 1996, petitioner reported gross receipts for the consulting activity in the amount of $1,563 and claimed the following deductions:

Expenses

| | |
|---|---|
| Advertising | $650 |
| Car & truck | 7,327 |
| Depreciation | 6,201 |
| Legal & prof. services | 275 |
| Office expense | 773 |
| Repairs & maintenance | 529 |
| Supplies | 27 |
| Travel | 1,511 |
| 50% meals & entertainment | 2,101 |
| Business gifts | 203 |
| Cleaning | 138 |
| Demos, training | 507 |
| Dues, publications | 473 |
| Educational supp. | 150 |
| Field accommodations | 175 |
| Incentive/awards | 425 |
| Postage | 102 |
| Storage | 1,249 |

Telephone                                    123

        Total                            22,939

Petitioner received a bachelor of arts degree with a major in optical engineering and a minor in mathematics.  Petitioner does not have a license to trade securities; he has not taken any formal education in the trading of securities.

Respondent determined that petitioner's consulting activity was not an activity engaged in for profit.  In the alternative, respondent determined that petitioner's claimed Schedule C expenses were personal expenses and not ordinary and necessary business expenses.

Section 183 provides that if an activity engaged in by an individual is not engaged in for profit, no deduction attributable to such activity shall be allowed, except as provided in section 183(b).  In the case of an activity not engaged in for profit, section 183(b)(1) allows a deduction for expenses that are otherwise deductible without regard to whether the activity is engaged in for profit.  Section 183(b)(2) allows a deduction for expenses that would be deductible only if the activity were engaged in for profit, but only to the extent that the total gross income derived from the activity exceeds the deductions allowed by section 183(b)(1).

An "activity not engaged in for profit" is any activity for which deductions would not be allowed under section 162 or under

paragraph (1) or (2) of section 212. Sec. 183(c). Section 162 allows a deduction for all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 212 allows a deduction for all the ordinary and necessary expenses paid or incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. The profit standards applicable to section 212 are the same as those applicable to section 162. See Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988).

For a taxpayer to deduct expenses of an activity pursuant to section 162, the taxpayer must show that he or she engaged in the activity with an actual and honest objective of making a profit. See sec. 183; Ronnen v. Commissioner, 90 T.C. 74, 91 (1988); Fuchs v. Commissioner, 83 T.C. 79, 97-98 (1984); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. Although a reasonable expectation of profit is not required, the taxpayer's profit objective must be bona fide. See Hulter v. Commissioner, 91 T.C. 371, 393 (1988); Beck v. Commissioner, 85 T.C. 557, 569 (1985). Whether a taxpayer had an actual and honest profit objective is a question of fact to be resolved from all relevant facts and circumstances. See Carter v. Commissioner, 645 F.2d 784, 786 (9th Cir. 1981), affg. T.C. Memo.

1978-202; <u>Hulter v. Commissioner</u>, <u>supra</u> at 393; <u>Golanty v. Commissioner</u>, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981).  Greater weight is given to objective facts than to a taxpayer's statement of intent.  See <u>Beck v. Commissioner</u>, <u>supra</u> at 570; <u>Thomas v. Commissioner</u>, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986); sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors that should be considered in determining whether an activity is engaged in with the requisite profit objective.  The nine factors are:  (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his or her advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used by the taxpayer in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved.  No single factor, nor the existence of even a majority of the factors, is controlling, but rather it is an evaluation of all the facts and circumstances in the case, taken as a whole, which is

determinative. These factors are not applicable or appropriate in every case. See Abramson v. Commissioner, 86 T.C. 360, 371 (1986).

Based upon the above factors as applied to the circumstances of this case, we find that petitioner did not engage in the consulting activity for profit.

First, petitioner's consulting activity was not conducted in a businesslike manner. Petitioner did not maintain a separate bank account, formal accounts, or books for the consulting activity. He did not even have his own telephone line for this activity but used a roommate's line. Petitioner's failure to keep client lists and business records supports the conclusion that he did not conduct the activity in question in a manner calculated to produce a profit.

Petitioner also has failed to convince us of his claim that he expended virtually all of his nonemployment hours carrying on the consulting activity. We find that petitioner's claims regarding the amount of time he spent pursuing the consulting activity are exaggerated. Furthermore, petitioner's reliance on his diary to substantiate the amount of time he spent pursuing the activity is unconvincing. Petitioner has conceded that his diary entries were not even written contemporaneously. The record as a whole is consistent with the conclusion that petitioner's investment advisory activity was a spare time

activity that consumed only a modest portion of petitioner's work week.

Petitioner has also failed to demonstrate any expertise in the securities industry.  Petitioner does not have a license to trade securities or any formal training in investing.  He has no employment history in the brokerage business or in any aspect of the securities and investment consulting field.  He has shown no experience in the area of his alleged consulting activity.

Petitioner had substantial income from sources other than the investment consulting activity.  During the year at issue, petitioner was employed full time as an engineer.  In 1996, petitioner received wages from his employment as an engineer in the amount of $41,537.

Lastly, petitioner has not provided us with evidence that demonstrates that he has a history of generating income from this investment consulting activity.  Accordingly, based upon the above factors we hold that petitioner did not engage in the consulting activity for profit.  On the contrary, the record, and particularly the substantial claimed expenses, indicates that the activity, such as it was, was conducted for the purpose of supporting a claim to offset Schedule C losses against wages earned in an entirely separate employment activity.

Our finding that petitioner did not engage in the consulting activity for profit does not end our inquiry.  For 1996,

petitioner reported gross receipts from the consulting activity in the amount of $1,563.  Section 183(b)(2) allows a deduction for expenses that would be deductible only if the activity were engaged in for profit, but only to the extent that the total gross income derived from the activity exceeds the deductions allowed by section 183(b)(1).  Therefore, we must decide whether petitioner has substantiated the expenses he claimed on the Schedule C attached to his 1996 Federal income tax return.

Respondent determined that petitioner's claimed Schedule C expenses were personal in nature and not ordinary and necessary expenses of petitioner's purported investment activity.  In general, where an expenditure is primarily associated with business purposes, and where personal benefit is distinctly secondary and incidental, the expenditure may be deducted under section 162.  See International Artists, Ltd. v. Commissioner, 55 T.C. 94, 104 (1970).  Conversely, if an expenditure is primarily motivated by personal considerations, generally no deduction will be allowed.  See Henry v. Commissioner, 36 T.C. 879, 884 (1961).  An expenditure is not "ordinary and necessary" unless the taxpayer establishes that it is directly connected with, or proximately related to, the taxpayer's activities.  See Bingham's Trust v. Commissioner, 325 U.S. 365, 370 (1945).

Taxpayers are required to keep sufficient records to enable the Commissioner to determine their correct tax liability.  See

sec. 6001. Under certain circumstances, where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court is permitted to estimate the amount allowable. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, there must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was incurred in at least the amount allowed. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In estimating the amount allowable, the Court bears heavily against the taxpayer whose inexactitude is of his or her own making. See Cohan v. Commissioner, supra at 544.

Section 274(d) overrides the Cohan doctrine in the case of travel expenses, meals and lodging while away from home, and "listed property". Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) imposes stringent requirements to which taxpayers must strictly adhere. Under section 274, a taxpayer must substantiate the amount, time, place, and business purpose of the expenditures and must provide adequate records or sufficient evidence to corroborate his own statement. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Adequate records are defined as an account book, diary, log, statement of expense, trip sheets, or similar

records.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Passenger automobiles are listed property under section 280F(d)(4)(A)(i).

As discussed above, petitioner's consulting activity was not carried on in a businesslike manner.  Petitioner did not maintain a separate business bank account, formal books, or accounts of the activity's transactions.  Instead, to substantiate his claimed Schedule C expenses, petitioner presented this Court with a group of receipts.  Contrary to petitioner's assertions, most of the receipts do not establish the business purpose of petitioner's claimed expenses.  However, petitioner reported gross receipts from his consulting activity for 1996 in the amount of $1,563.  We find that in regard to the expenses claimed that are not subject to section 274(d), there is sufficient evidence in the record to allow deductions up to the amount of gross receipts.  Accordingly, we hold that petitioner is entitled to deductions for Schedule C expenses in the amount of $1,563. See sec. 183(b)(2).

To reflect the foregoing,

Decision will be entered

under Rule 155.